IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gilberto Martinez, Jr.,            Case No. 23-cv-01877

    Plaintiff,

v.                                           **ORDER**

Commissioner of Social Security,

    Defendant.

This is an appeal from the denial of Social Security benefits. On September 26, 2023, Plaintiff Gilberto Martinez, Jr. filed a Complaint (Doc. 1) seeking review of Defendant's denial of his application for a Period of Disability and Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) beginning in May 2019. (Tr. 234-241; Doc. 5, PgID. 239).

On October 5, 2022, an Administrative Law Judge (ALJ), Paul Sher, issued a written decision finding that the Plaintiff was not disabled. (Doc. 5, PgID. 37–51). The decision became final on July 27, 2023, when Defendant's Appeals Council declined further review. (Doc. 5, PgID. 22–27).

Pursuant to Northern District of Ohio Local Rule 72(b) (Automatic Reference) I referred the Complaint to Magistrate Judge Jennifer Dowdell Armstrong for issuance of a Report & Recommendation (R&R). (*See* Docket Entries, September 26, 2023). Judge Armstrong filed an R&R on July 17, 2024. (Doc. 11).

In the R&R, Judge Armstrong recommends that I affirm the ALJ's decision. The Magistrate Judge duly notified the parties of the deadline for filing objections.

On August 1, 2024, Plaintiff filed one Objection to the R&R. (Doc. 12). On August 12, 2024, Defendant responded. (Doc. 13).

On *de novo* review, *see* 28 U.S.C. § 636(b)(1), I find the R&R well-taken in all respects. I overrule Plaintiff's objection, adopt the R&R as the Order of the Court, and affirm the Commissioner's decision.

## Discussion

Northern District of Ohio Local Rule 72.3(b) states, regarding objections to an R&R: "Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b)… Such party … shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."

Plaintiff makes one objection to the R&R.

As aptly explained in the R&R, Plaintiff previously filed an application for DIB and SSI, which an ALJ denied in June 2019. (Doc. 11, PgID. 601 (citing Tr. 16)). Plaintiff's current application for DIB and SSI alleges a disability onset date of May 30, 2019. (*Id.*). Thus, it regards a more recent time period than his earlier application.

In Plaintiff's objection, he argues that the Magistrate Judge erred when she found that the ALJ applied the correct standard of review. (Doc. 12, PgID. 629). He explains that the ALJ "erroneously relied on the findings of the state agency reviewing sources who adopted the prior ALJ findings." (Doc. 12, PgID. 629). This, Plaintiff explains, is "factually and legally incorrect as the decision established that the ALJ improperly failed to offer this claim a fresh look as required under *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018)." (*Id.*).

I have reviewed *de novo* the record with particular attention to those portions relevant to Plaintiff's objection. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

2

I must affirm the decision of the ALJ so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted).

Defendant argues that the ALJ's decision was thorough and well-reasoned. (Doc. 13, PgID. 632). Defendant stands by the arguments made in its initial brief in opposition to Plaintiff's brief on the merits where Plaintiff made similar arguments. (*Id.*).

Defendant is correct.

The ALJ here did not improperly rely on the previous 2019 ALJ ruling. Nor is there any indication that the medical and non-medical experts here merely adopted, without a fresh look, the previous medical and non-medical evidence relied upon in the 2019 ALJ ruling.

For example, the ALJ noted that the findings of severe impairment in the 2019 ALJ ruling still remained here. He also found several additional severe impairments that were not present in the 2019 ruling, stating: "In the prior decision, the claimant was found to have severe impairments of degenerative disc disease, cervical/lumbago with sciatica; vertigo with dizziness and syncope (B1A). The current record shows that these impairments remain severe. However, depression and anxiety, previously non[-]severe, are now severe." (Doc. 5, PgID. 40).

He further stated:

> As for medical opinion(s) and prior administrative medical finding(s), the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources. The undersigned has fully considered the medical opinions and prior administrative medical findings.

3

(Doc. 5, PgID. 45). And, indeed, the ALJ reviewed medical information dating back to July 2018, which pre-dates Plaintiff's onset date in this claim. He also reviewed the information that post-dated his earlier claim. (*See*, *id*., at PgID. 44-49).

Significantly, the very first portion of the Magistrate Judge's analysis addresses the finding that the ALJ gave Plaintiff's application a "fresh look." (Doc. 11, PgID. 617). The Magistrate Judge correctly observes that the ALJ "summarized the new evidence from the unadjudicated period and reached different conclusions than the prior ALJ regarding Mr. Martinez's functioning." (*Id*.).

The Magistrate Judge's opinion also details the various ways in which the ALJ considered Plaintiff's newly-submitted evidence when reaching his decision.

In sum, I entirely agree with the Magistrate Judge's determination that the Commissioner's decision should be upheld. The ALJ did not erroneously rely on the 2019 decision nor did it fail to give Plaintiff's claim a fresh look. Nor did the ALJ fail to consider the new, post- June 2019 evidence Plaintiff submitted in support of his claim.

Accordingly, I overrule Plaintiff's objection, adopt the R&R in full, and affirm the Commissioner's decision.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Plaintiff's Objection to the Magistrate Judge's R&R (Doc. 12) be, and the same hereby is, overruled;

2. The Magistrate Judge's R&R (Doc. 11) be, and the same hereby is, adopted as an Order of this Court in a manner consistent with this Opinion; and

3. The Commissioner's final decision be, and the same hereby is, affirmed.

SO ORDERED.

DATE: 8/22/2024

/s/ James G. Carr
Sr. U.S. District Judge